IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                        CAUSE NO. 5:19-cr-7-DCB-LRA-1

REGINALD LaFRANZ VARNADO                                    DEFENDANT

ORDER

This matter is before the Court on Reginald LaFranz Varnado ("Varnado")'s Motion to Waive Restitution. [ECF No. 2]. Having read the Motion, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

Background

The United States Department of Agriculture (USDA) Food and Nutrition Service is a federal agency that is responsible for administering the Supplemental Nutrition Assistance Program (SNAP), formerly known as the Food Stamp Program. The Government filed a thirty (30) Count indictment against Varnado alleging that: (1) the Defendant submitted a false SNAP application under his own name – falsely claiming that he lived in Oklahoma and that he had no income; and (2) he used false identities to submit at least twenty-four additional applications for SNAP benefits. [ECF No. 1-2]. Varnado pleaded guilty to one count of theft of government funds in violation of 18 U.S.C. § 641. The

1

Government dismissed the other twenty-nine counts. On June 30, 2016, Varnado was sentenced to 37 months incarceration followed by a three-year term of supervised release. He was ordered to pay restitution in the amount of $328,408.85 pursuant to 18 U.S.C. § 3644. [ECF No. 1-3] at 6. If the Defendant does not pay his restitution immediately, he is required to make "payment of the greater of $50.00 per month or 10% of defendant's gross monthly income as determined by the probation officer." Id. at 7.

On August 4, 2016, the Defendant filed a "Motion to Waive Restitution." [ECF No. 1-1] at 7. The Defendant attached his "Disability Determination and Transmittal" to the Motion. See id. On August 11, 2016, The Honorable Joe Heaton, United States District Judge for the Western District of Oklahoma, denied the Motion to eliminate Varnado's obligation to make restitution. On April 17, 2019, the Defendant's probation jurisdiction was transferred from the Western District of Oklahoma to the Southern District of Mississippi. See id. at 9.

Defendant, proceeding pro se, filed the instant Motion to "Waive Restitution" on September 5, 2019. Varnado asserts that he is unable to make restitution in the amount due because he is disabled and unable to "hold down a stable job." [ECF No. 2]. The Social Security Administration determined that the

2

Defendant's disability began on April 30, 2007. [ECF No. 2-1]. His primary diagnosis is: Schizophrenic, Paranoid, and Other Funct. Psychotic DS Psychotic Disorder. Id.

## Discussion

Pursuant to 18 U.S.C. § 3664, the Mandatory Victim Restitution Act ("MVRA") "authorizes a district court to order restitution to victims of certain offenses, including offenses committed by fraud or deceit." United States v. Foreman-Pottinger, No. 09-023, 2009 WL 3347116, at *1 (E.D. La. Oct. 14, 2009)(quoting United States v. Leeds, No. 08-30171, 2009 WL 909433, at *2 (5th Cir. Apr. 6, 2009)). Section 3664(f) of the MVRA "specifically directs courts to order restitution without consideration of the defendant's economic circumstances." United States v. Toney, No. 00-0284, 2018 WL 4896342, at *1 (E.D. La. Oct. 9, 2018).

However, if a "defendant's ability to pay restitution" is affected due to a "material change in the defendant's economic circumstances," defendants are instructed to notify the Court. See 18 U.S.C. § 3664(k). Section 3664(k) gives courts the "authority to either adjust the payment schedule, or require immediate payment in full, as the interest of justice require." Id.(internal quotations omitted). While courts may alter the payment schedule, "its authority to alter the underlying

3

restitution order is limited." Id. When a final restitution order has been issued, it can only be altered pursuant to Section 3664(o).

"Section 3664(o) makes clear that the restitution order is final and may only be altered: to correct a clerical error; (2) to appeal the sentence as improperly applied; or (3) in order to alter the restitution payment schedule." Id. This list is exhaustive. Id.(citing United States v. Puentes, 803 F.3d 597, 607 (11th Cir. 2015)(noting that "every Circuit Court to consider this issue has indicated that a district court may only modify a mandatory restitution order through one of the means specified in Section 3664(o).")). Accordingly, absent Section 3664(o), district courts do not have the authority to waive restitution debts or alter the amount owed by the defendant. Here, Varnado is neither seeking relief under one of the means specified in Section 3664(o), nor is he seeking to adjust his payment schedule because of a material change in his economic circumstances pursuant to Section 3664(k). Therefore, his Motion must be denied.

Accordingly,

IT IS HEREBY ORDERED that Defendant Varnado's Motion to Waive Restitution [ECF No. 2] is DENIED.

SO ORDERED this the 22nd day of July, 2020.

                                                _/s/ David Bramlette_____

                                                UNITED STATES DISTRICT JUDGE